UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No. 15cv3120 (CBA)(SMG)
CURTIS JONES,

                                                         Plaintiff,   **FIRST AMENDED COMPLAINT**

   -against-

                                            Plaintiff demands a trial by jury

THE CITY OF NEW YORK,
OFFICER WILLIAM CLEMENS (Shield # 27264),
and LIEUTENANT DAVID GOLDSTEIN,

                                            Defendants.
-------------------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorneys, DeTOFFOL & ASSOCIATES, Attorneys at Law, respectfully shows to this Court and alleges:

## JURISDICTION

1.    That Jurisdiction is founded upon the existence of a Federal Question.

2.    That this is an action arising under the United States Constitution, and the purpose of this action is to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, and arising under the law and statutes of the State of New York.

3.    Jurisdiction is founded upon U.S.C. §1331 and §1343(3) & (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to a plaintiff by the First and Fourteenth Amendments to the Constitution of the United States.

## PARTIES

4.    That the plaintiff is a Citizen of the United States and from before the time of the incident in question until the present date, he resides at the location that is named and referred to as 169-11 120th Avenue, Queens County, in the City, and State of New York, ZIP 11434.

5.    Upon information and belief, that at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK (hereinafter "CITY") was and still is a municipal

corporation duly organized and existing under and by virtue of the laws of The State of New York and the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYCPD"), was and is a department of the CITY organized and existing by virtue of the laws of the City and State of New York.

6.      Upon information and belief, that at all times hereinafter mentioned, the defendant CITY its agents, servants and employees operated, maintained and controlled the defendant police officers thereof.

7.      Upon information and belief, that at all times hereinafter mentioned, the non-party NYCPD, its agents, servants and employees operated, maintained and controlled the defendant police officers thereof, for the defendant CITY.

8.      Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 8th day of October 2014, defendants OFFICER WILLIAM CLEMENS (Shield # 27264), and LIEUTENANT DAVID GOLDSTEIN were employed by defendants, CITY and NYCPD, as police officers in the NYCPD Precinct 113.

9.      Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers of said state, city and county.

## PENDANT STATE CLAIMS

10.     That Notice of the Plaintiff's Claim to sue for money damages for false arrest, false imprisonment, violation of civil rights under the United States Constitution, violation of civil rights under the New York State Constitution, and the negligence in performance of the duties the nature of the claim and the date of, the time when, the place where and the manner in which the claim arose was duly served upon the defendants on or about the 7th day of January, 2015.

11.     That a 50(h) hearing was held pursuant to §50(h) of the General Municipal Law on the 27th day of March, 2015 at 4:30 P.M.

12.     That more than 90 days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

13.     That this action is timely commenced within one year and 90 days after the cause of action arose.

## GENERAL ALLEGATIONS

14. Commencing at or about approximately 4 p.m., on October 8, 2014, and continuing for approximately the next 50 hours until plaintiff was arraigned, and beginning at the residential premises of the claimant at his address indicated above, in the County of Queens, City and State of New York, contiguous to the 113th precinct, and at other such places where plaintiff was unlawfully detained by the defendants all acting in the performance of their employment and within the scope of their authority when they committed acts constituting the claim as set forth below.

15. Annexed hereto, Criminal Court of the City of New York, County of Queens Certificate of Disposition No. 278551 dated December 12, 2014, relating to Docket No. 2014QN059794, NYSID no. 3042459J, incorporated herein by reference.

## AS AND FOR A FIRST COUNT
### (Civil Rights Act, Title 42 of the United States Code, Section 1983 false arrest and/or imprisonment under federal law)

16. The plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

17. The plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

18. That on or about the 8th day of October, 2014 at or about 4:00 p.m. of that day, on the premises known and designated as 169-11 120th Avenue, in the County of Queens, in the City and State of New York, at which time and place defendants then and there were at as part of their regular and official employment as police officers for the defendants CITY and NYCPD.

19. Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

20. Immediately thereafter, aforementioned defendants, their agents, servants and employees falsely arrested and imprisoned the plaintiff, and deprived him of his rights

and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed him and continued to imprison him without any conduct on the part of the plaintiff to so warrant; to wit:

    a.    in that all of the actions of the defendants, their agents, servants and employees, were committed with the intention to arrest, restrain and imprison the plaintiff without his consent, the plaintiff was at all times conscious of his arrest, did not consent to the false arrest and the false arrest and imprisonment were not otherwise privileged; and,

    b.    the arrest and imprisonment were not justified by probable cause or other legal privilege; defendants, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said defendants, falsely charged the plaintiff with violating §140.15 of the Penal Law although the defendants, acting in such capacity knew or should have known that such charges were false; and,

    c.    that the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and,

    d.    the failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including plaintiff; and,

    e.    due to the acts of the defendants, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the defendants and the continued employment of the defendants present a clear and present danger to the citizens of the City and State of New York; and

    f.    that the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and

employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefor. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause with actual malice and was terminated in favor of the plaintiff; and,

g.      that the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiff; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers for said city and county.

21.     Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested, imprisoned, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York.

22.     As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and compelled to be arraigned and appear in Criminal Court in the City of New York, County of Queens and to undergo a criminal proceeding until all charges were dismissed.

23.     That at all times hereinafter mentioned, defendants OFFICER WILLIAM CLEMENS (Shield # 27264), and LIEUTENANT DAVID GOLDSTEIN, were acting pursuant to order directives from the NYCPD and defendant CITY.

24.     That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, CURTIS JONES, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the First and Fourteenth Amendment to the Constitution of the United States and the laws of the United States.

25.     The Police Officers of the defendants, CITY and NYCPD, and their individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected plaintiff and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks in the County, City and State

of New York, in denial of rights, privileges and immunities guaranteed plaintiff, CURTIS JONES, and other citizens by the Constitution of the United States.

26.    This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiff, CURTIS JONES, and other citizens by members of the police department of defendant CITY and NYCPD, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under-color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

27.    Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant CITY and NYCPD have not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

28.    The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York:

a.    The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

b.    The right of plaintiff to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c.    The right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

29.    That by reason of the aforesaid intentional false arrest and false imprisonment, malicious prosecution and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiff suffered damage to his reputation within the community as well as conscious pain and suffering, and that he was otherwise damaged.

30.    That by reason of the aforesaid, the plaintiff has been damaged in the sum indicated below.

## AS AND FOR A SECOND COUNT
### (Article 1, § 12 of the New York State Constitution false arrest and/or imprisonment under state law)

31. The plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

32. That on or about the 8th day of October, 2014 at or about 4:00 p.m. of that day, on the plaintiff's premises known and designated as 169-11 120th Avenue, in the County of Queens, in the City and State of New York, the defendants, their agents, servants and employees wrongfully and falsely arrested, imprisoned and detained plaintiff, CURTIS JONES, without any right or grounds therefore.

33. That on or about the 8th day of October, 2014, the defendants wrongfully and falsely accused the plaintiff, CURTIS JONES, of the crime of Criminal Trespass in the Second Degree, a Misdemeanor in violation of §140.15 of the Penal Law.

34. That the said arrest and imprisonment was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any probable cause or reasonable belief that the plaintiff, CURTIS JONES, was in fact guilty of such crimes.

35. That on the aforesaid date, and time, the plaintiff resided at and was lawfully within his said premises.

36. That on the aforesaid date and time, plaintiff did provide to defendants documentation indicating that he resided within the aforementioned premises and had not been deficient in his payment of rent.

37. That the defendants, their agents, servants and employees acting within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement against his will at said locations.

38. That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was held in defendants' custody for 50 hours.

39. That the defendants, their agents, servants and employees acting within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known the plaintiff lived at the aforesaid location of the incident, yet

7

recorded plaintiff's address as 111-10 160th Street in the County of Queens, in the City and State of New York.

40. That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of the City of New York.

41. That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

42. That on or around December 5, 2014, plaintiff made an appearance in the criminal case that resulted from the aforesaid arrest and the case was dismissed due to a lack of probable cause on the arrest.

43. Article 1, Section 12 provides:

> "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
>
> The right of the people to be secure against unreasonable interception of telephone and telegraph communications shall not be violated, and ex parte orders or warrants shall issue only upon oath or affirmation that there is reasonable ground to believe that evidence of crime may be thus obtained, and identifying the particular means of communication, and particularly describing the person or persons whose communications are to be intercepted and the purpose thereof."

44. That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

45. That by reason of the aforesaid, the plaintiff has been damaged in the sum indicated below.

## AS AND FOR A THIRD COUNT
**(State Common Law Negligent Hiring and Training)**

46. The plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

47. That the defendant CITY and NYCPD, were careless and reckless in hiring and retaining as and for its employee, the above named individual; in that the said defendants lacked the experience, deportment and ability to be employed by the defendant; in that the defendant failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as an employee of the aforementioned defendants; in that defendant CITY and NYCPD, failed to investigate the above named defendants' background and in that they hired and retained as employees of their police department in that the defendant lacked the maturity, sensibility and intelligence to be employed by the defendants; in that the defendants knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them to be employees; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

48. That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named defendants, to act as reasonable, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employer; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

49. That the aforesaid occurrence, to wit: the false arrest and 50 hour imprisonment, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

50. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred divers sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

51. That by reason of the aforesaid, the plaintiff has been damaged in the sum indicated below.

## AS AND FOR A FOURTH COUNT
### (Common Law Ordinary and Gross Negligence)

52. The plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

53. That the defendants, its agents, servants and employees carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used under similar circumstances; in that they carelessly, recklessly and negligently arrested the plaintiff without making a proper investigation or finding proper cause; and in that the defendants, their agents, servant and employees were otherwise careless, reckless and negligent.

54. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred divers sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

55. That by reason of the aforesaid, the plaintiff has been damaged in the sum indicated below.

## RELIEF

WHEREFORE, the plaintiff demands judgment against the defendants:

    a. compensatory damages for each of the aforestated Counts separately in the sum of FIVE HUNDRED THOUSAND ($500.000.00) DOLLARS;

    b. as and for punitive damages FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

    c. an award of costs and disbursements for this action;

    d. Such other and further relief as this Court may deem just, meet and proper under the circumstances.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all issues involved in this complaint;

Dated :   New York, New York
         December 20, 2016

                                                    Respectfully Submitted

/David J. DeToffol/
_____
DAVID J. DETOFFOL, ESQ.
DETOFFOL & ASSOCIATES
30 Broad Street, 35th Floor
New York, New York 10004
(212) 962-2220
 Attorneys for Plaintiff